IN THE COMMONWEALTH COURT OF PENNSYLVANIA
MIDDLE DISTRICT

Antwine Reades, Petitioner.　　: No.＿＿＿＿＿＿＿＿＿＿ MD. 2020

　　　　　　　　VS.　　　　　　　: Institutional No. CK-8637

Commonwealth of Pennsylvania　: Parole No. 111CZ

　　　　　　　Respondent.　　　:

Board of Probation & Parole　:

　　　　　　　Respondent.　　　:

Attorney General　　　　　　　:

　　　　　　　Respondent.　　　:

**FILED**
**HARRISBURG, PA**

**SEP 0 1 2020**

PER

**DEPUTY CLERK**

PETITION FOR WRIT OF MANDAMUS & REVIEW
PURSUANT TO PA.C.S. § 763 & 761

**A)** Jurisdiction/Authority is conferred by the Judicial Code:
Pa.C.S. § 763 & 761

**B)** Mandamus is an Extraordinary Writ of Common Law, designed
to Compel Performance of a Ministerial Act, or Mandatory
Duty where there exists a clear legal Right.

**C)** Mandamus is a Proceeding available to Compel the Board of
Probation & Parole, by way of Department of Corrections.

**D)** Compel the P.B.P.P. to issue Antwine Reades a New Institutional
Number as CK-8637, was maxed with the expiration of the court
imposed sentence of 1992.

Antwine Reades, wants the PBPP to explain in detail its denial
of the 28 months of street time in good standing.

**The case of Penjuke v. P.B.P.P. Commonwealth Court 2019 Pa.Commw.
LEXIS 128 No. 1304 C.D. 2017.  Says: The P.B.P.P. erred under,
61 Pa.C.S. § 6138 in recommitting a parolee as a convicted parole
violator for the remaining term of his unexpired sentence; he was
entitled to credit for his days of good standing street time
acquired in the parole period that led to his recommitment as
a technical parole violator.**

(1)

TABLE OF CITATIONS
STATE CASES

1) Rivenbark v. PBPP 501 A2d 1110(Pa.1985) Supreme

2) Martin v. PBPP    840 A2d 299 (Pa.2003) Supreme

3) Africa v. Horn    701 A2d 273 (Pa.Commw.1997)

4) Martin Penjuke v. PBPP Commonwealth Court 2019
   LEXIS 128 No. 1304 C.D. 2017.

5) Mitchell v. PBPP  375 A2d 902 (Pa.Cmwlth)

6) Merritt v.  PBPP  574 A2d 579 (1990)


## STATUTES

1) Title 42 Pa.C.S. § 761 & 763

2) Title 42 Pa.C.S. § 9761(b) Chapter 97(Sentencing)

3) Title 61 Pa.C.S. § 6137(b) and 6137(i)

4) Title 61 Pa.C.S. § 6138(a)(2.1)(5)

5) Title 61 Pa.C.S. § Pa.C.S. § 331.21a(b) Under Terms of Parole Act

6) Title 61 Pa. C.S. § Was Repealed on August 11th 2009 and
   Replaced by the Parole Code. Section 5 of the August 24th 1951
   P.L. 1401 as amended, formerly 61 P.S. § 331.21 repealed by Act
   of August 11th 2009 P.L. 147.4


## CONSTITUTIONS

Federal U.S.C.A. Article 111 Separation of Powers Doctrine &

U.S.C.A. Article 1V sec. 1... Full faith and credit shall be given
in each state to the Public Acts, Records and Judicial Proceedings
of every other state.

## STATE OF PENNSYLVANIA CONSTITUTION

Article 5, sec. 9, The right of appeal from an Administrative Agency
to a Court of Record.

Article V, sec. 1 of Pa.Const. Provides that the Judicial Power of
the Commonwealth shall be vested in the Unified Judicial System.

Article 1, sec. 10, Protection against Double Jeopardy.


in the commonwealth court of pennsylvania

a) **AND NOW COMES, Antwine Reades, Petitioner Pro-Se (Parole No. 111CZ)**
**And Avers the following:** When I was re-paroled on Jan 15th 2015
my max date was 7/13/18.
The New arrest date was May 25th 2017. The Board dropped a Detainer on
me this very day, so from 5/25/17 until 4/20/18, I'am in custody on
both the new charge and the boards detainer. This Time Frame is exactly
11 months and 20 days. Now my return to SCI ALBION was on April 20th 2018.
And until July 13th 2018, I have now maxed out my sentence of May 20th 1992
By Judge, Ricardo Jackson. The No. is CK-8637.

b) The PBPP has me under the same number, given to me in 1992.
The PBPP also dropped another detainer on 10/23/18 and I am returned
to SCI-ALBION as a convicted parole violator.

c) The problem with the P.B.P.P. action of 12/03/2018 is Antwine Reades,
the parolee is maxed out, I maxed out on 7/13/2018 and was released
as such. Yes I was on parole when arrested on 5/25/2017, as a Technical
Parole violator as there is no conviction of the charges pending against
Antwine Reades, at this time. So since there is no certified record of
the court to validate this position of the P.B.P.P. it is in error.
And it violates the Supreme Court, Ruling in <u>Rivenbark v. Com. PA.
Bd. of Prob. & Parole</u>, 501 A.2d 1110 (Pa.1985) Which says: Under the
of the Board of Parole Act, 61 PA.C.S. § 331.21a (b), Parolee could
not be recommitted to separate terms of Back-Time, as both a Convicted
Parole Violator, and a Technical Parole Violator, where Technical
Violation was based upon the same act, which constituted a new crime
of which Parolee was convicted.

d) Antwine Reades was sentenced on August 16th 2019, and owed no backtime.
So the sanction of 12/03/2018, was a rush to judgment on the part of
the Pennsylvania Board of Probation and Parole to arbitrarily punish
me for an event that had not transpired as of December 3rd 2018.
**WHERE IS THE DELEGATION OF AUTHORITY FOR THE BOARD TO COMMIT THIS ACT.**

e) This is what I tried to explain to the PBPP, When a parolee comes in
contact with the police and be arrested this is a technical parole
violation. Any pending charges have to go thru the process of court.
Which would include a conviction by jury trial, plea of guilt, or
a plea of No lo contendere, this is called due-process of law.

f) Under the current statutory regime, the P.B.P.P. must now decide whether to award or deny credit for street time upon a parolee's recommitment as a convicted parole violator(CPV) 61 Pa.C.S.§ 6138(a)(2.1) Once the Board grants sentence credit for street time, it is gone. The only extant time spent at liberty on parole" will be that time that falls between the parolee's most recent reparole and his re-commitment. The Parole Code does not authorize the Board to establish a sentence escrow account" any more than it authorizes criminal defendants to establish a penal checking account.

g) The Young Court concluded that just as the Board lacks the power to revoke days served on a sentence in prison, it lacks the power to revoke days served on a sentence by reason of the Boards express award of credit in the course of a prior recommitment.
**The Young Court looked at § 6138(a)(2.1) and observed that although The General Assembly granted the Board the discretion to award sentence credit to a CPV it decides to recommit, the General Assembly has not given the Board the concomitant power to revoke this decision, under any circumstances. Martin Penjuke v. P.B.P.P. 2019 Pa.Commw. LEXIS 128 No. 1304 C.D. 2017.**

h) **OVERVIEW: HOLDINGS: The** Court declined to adopt the Anderson/Andrews line of cases, as the reasoning justifying those decisions was no longer applicable upon the 2012 amendment to 61 Pa.C.S. § 6138(a)(2.1) and instead concluded that the P.B.P.P. lacks the statutory authority to revoke street time credit previously granted to parolee as a TPV. The Board erred when it denied Antwine Reades request for Administrative Relief. And affirmed its decision to recommit him as a CPV for the remaining term of his unexpired sentence, as he was entitled to credit for his days of good standing street time that he acquired in the parole period that led to his recommitment as a TPV.
**Please Note:** That the decision rendered on 12/03/2018, by P.B.P.P. was a ORDER contrary to Pa.C.S. § 6138(a)of the Prison & Parole Code In order for the Parole Board to recommit an offender as a CPV, the Board must establish (1) That the offender was convicted in a Court of Record. (2) That the offense which the offender was convicted is punishable by imprisonment. This the authority the legislature set up to be followed, if you want to be in conformity with the law.

**i)** So I ask the PBPP to produce a copy of my conviction of 8/16/2019 prior to their sanction of 12/03/2018, which I'am told to refer too On September 18th 2019 Board Rendered decision to serve 24 months Backtime. ALL OF THIS IS UNLAWFUL, ILLEGAL, AND UNETHICAL BY ALL INVOLVED. REMEMBER THERE IS NO AUTHORITY TO ESTABLISH A SENTENCE ESCROW ACCOUNT IN THE PAROLE CODE. THERE WAS NEVER A CERTIFIED RECORD FROM THE COURT TO AUTHORIZE, THE BOARD'S ACTION OF DECEMBER 3rd 2018.

PLEASE REMEMBER THAT THE CASES ARE MY AUTHORITY OF LAW ISSUED BY AN APPELLATE COURT OF THIS COMMONWEALTH.

THE PBPP ARE BOUND BY THESE DECISIONS, ALSO STOP ACTING LIKE YOU ARE NOT.

**j)** The Supreme Court of Pennsylvania, our highest court stated in: Martin v. PBPP: 840 A2d 299 (2003) Says: The total sum of aggregate backtime imposed relates to original sentence from which an offender is paroled, and is unrelated to any sentence required for conviction on other criminal charges.

In MERRITT V. PBPP, 574 A2d 579(1990) Says: The total sum of aggregate backtime imposed by the board plus time served prior to parole cannot exceed the total aggregate maximum sentence imposed by the trial court. The Board cannot recommit a convicted/technical parole violator to serve more than the balance of unexpired term. (sentence)

**k)** The Board of Probation & Parole to attempt an try to extend, my Judicially-Imposed Sentence would violate the Constitution. And This is how: Article: III of the United States Constitution, The Separation of Powers Doctrine. Resentencing by an Administrative Agency, a part of the Executive Branch of Government and not the judiciary.

The Parole Code was violated at § Pa.C.S. 6138(a)(5) Which says: To ONLY serve a sentence imposed by a Pennsylvania Court. The Question becomes is the PBPP a Pennsylvania Court. ? The Constitution of the U.S. and the several states provide that the Judicial Powers be vested in the courts and it is a violation of this mandate for any other branch of government to perform judicial functions, such as the imposition of a sentence, or re-structure a sentence from 1992. Requiring imprisonment as a criminal penalty. So what is known in the prison system as a hit, is actually a sentence by the board under the guise of taking street time, and rendering illegal sanctions, like my 24 month of backtime on a maxed out sentence of 1992, along with the CK-8637 institution number given

l) **at that time.** That is the continuation of Pg: 4.

In Mitchell v. PBPP, 375 A2d 902(Pa.Cmwlth) President Judge Bowman held that where a detainer has been lodged against the parolee, who had been arrested on another charge, credit for resulting period of confinement had to be applied to old sentence & parole board, did not have discretion to credit that period to New Sentence.

m) **To The Board Members,** Please be advised that under the law, the PBPP and the DOC have a set of Rules & Procedures that must be followed in order to not come into conflict with the Constitution.

The Supreme Court has stated that judicial discretion is a legal discretion, this is not found in the PBPP as they are a administrative agency part of the executive branch of government.

When the PBPP render decisions of hits without the authority of law we have a violation of established law being violated with impunity by the PBPP, this has to stop. I am begging the Commonwealth Court to make the PBPP follow the decision of Penjuke v. P.B.P.P. Commonwealth Court 2019 Pa.Commw. LEXIS 128 No. 1304 C.D. 2017. **Says: The Board erred under, 61 Pa. C.S. § 6138 in recommitting a parolee as a convicted parole violator for the remaining term of his unexpired sentence; he was entitled to credit for his days of good standing street time acquired in the parole period that led to his recommitment as a technical parole violator.**

n) The Supreme Court in; Rivenbark v. PBPP 501 A2d 1110(Pa.1985) Says: The Board lacked the authority to recommit petitioner as a technical parole violator and a convicted parole violator based on the same conduct that formed the new conviction/or criminal offense.

In Africa v. Horn, 701 A2d 273 (Pa.Commw. 1997) **This Court may only issue a Writ of Mandamus where the Petitioner possesses a clear legal right to enforce the performance of a Ministerial Act, or Mandatory Duty, the defendant possesses a corresponding duty to perform the act, and the Petitioner possesses no other adequate or appropriate remedy.** (SEE) Exhibit (A)

Right For Administrative Review/Appeal
Filed *December 12* 2019/2020

CONCLUSION

In closing, Mr. Antwine Reades, just prays that the Court judges
remembers, Stare Decisis, to abide by or adhere to decided cases.
Doctrine that, when a Court has once laid down a principle of Law"
as applicable to a certain state of facts, it will adhere to that
Principle and apply it to all future cases, where facts are sub-
stantially the same; regardless of whether the parties and property
are the same.

The Agency in this matter is the PBPP and the way they circumvent
the laws, rules, and case law doctrine, with impunity.
To obtain their objective to keep a parolee in prison longer than
the law authorizes. This is unconstitutional & unlawful.

RELIEF PRAYED FOR

1) To make sure that the PBPP, grant all time of Antwine Reades
   sentence of August 16th 2019 as time credit for incarceration.
   It is August 22nd 2020, and Mr. Reades has One year credit to
   his new sentence of 2019.

2) To have the CK-8637 number dis-continued in the DOC.
   When I was re-paroled on Jan, 15th 2015, my max date was 7/13/18.
   The New arrest date was May 25th 2017. The Board dropped a detainer
   on me this very day; so from 5/27/17 until 4/20/18, I'am in the
   custody on the new charge and board's detainer. This time frame is
   11 months and 20 days.  Now my return to SCI-ALBION was on April
   20th 2018 until July 13th 2018. My sentence with Hon. Ricardo
   Jackson was maxed out, along with Institutional No. CK-8637 as
   this number was given out in 1992. Under the court imposed
   sentence of Judge; Jackson.

(6)

## CERTIFICATE OF COMPLIANCE

I, Antwine Reades, certify that this filing complies with the provisions of Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts, that require filing confidential information and documents.

Section 7.0 Redacted and Un-Redacted Filings:

Respectfully Submitted

Date _August 26_____ 2019/2020

Antwine Reades Pro-Se
CK-8637, Institution No.
Parole No. 111CZ

(7)

## CERTIFICATE OF SERVICE

The Petitioner Antwine Reades, hereby avers that a true and correct copy of Writ of Mandamus & Review, Pursuant to:
Title 42 Pa.C.S. § 761 & 763, Is served upon persons listed below.

The Clerk is instructed to serve the parties listed below, by way of Court Seal.

By Certified Mail. In accordance with Pa.R.A.P. § 1514(C).

1) Commonwealth Court of Pennsylvania
   Office of Prothonotary
   Sixth Floor Irvis Office Bld.
   Harrisburg, PA 17120

2) Office of Attorney General
   Strawberry Square 16th Floor
   Harrisburg, PA 17120

3) Board of Probation & Parole
   1101 South Front Street
   Harrisburg, PA 17101-2519
   attn: John J. Talaber, Esq.

Respectfully Submitted,

Date: _August 76_    2019/2020

_Antwine Reades_

Antwine Reades, Pro-Se
CK-8637 Parole # 111CZ

(8)

Antwine Reades
CK-8637
SCI- ALBION
Smart Communications
P.O. Box 33028
St. Petersburg, FL 33733


Pennsylvania Board of Probation & Parole
Secretary's Office: John J. Talaber, Esq.
1101 South Front Street
Harrisburg Pa, 17104-2519


RE: Right for Administrative Review/Appeal
Pursuant to Article 5, Sec. 9 of Penna. Constitution.
Before The Pennsylvania Board of Probation & Parole.


In The Matter of                 :
**Antwine Reades**               :        Parole No. 111CZ
Parolee.                         :
                                 :


TO: The Members of The Board


AND NOW COMES, Antwine Reades, Petitioner Pro-Se (Parole No. 111CZ
And Respectfully request that the P.B.P.P. re-count and explain in
detail its denial of the 28 months of street time in good standing.
In Martin Penjuke v. P.B.P.P. Commonwealth Court 2019 Pa. Commw.
LEXIS 128 No. 1304 C.D. 2017. Says: The P.B.P.P. erred under 61 Pa.C.S. §
6138 in recommitting a parolee as a convicted parole violator for the
remaining term of his unexpired sentence; he was entitled to credit for
his days of good standing street time acquired in the parole period
that led to his recommitment as a technical parole violator.

When I was re-paroled on Jan, 15th 2015 my max date was 7/13/18.
The new arrest date was May 25th 2017. The Board dropped a detainer on
me this very day so from 5/25/17 until 4/20/18, I'am in custody on
the new charge and the boards detainer. This is 11 months and 20 days.
Now my return to SCI ALBION was on April 20th 2018 until July 13th 2018
I have now maxed out my sentence of May 20th 1992 by Judge, Ricardo
Jackson. Institution No: CK-8637... Is also maxed out with expiration
of the court imposed sentence of 1992.

The P.B.P.P. has me under the same number, given to me in 1992.
The P.B.P.P. also dropped another detainer on 10/23/2018 and I am
returned to SCI-ALBION as a convicted parole violator.


(1)

1) The problem with P.B.P.P. action of 12/03/2018 is the parolee is maxed out, I maxed out on 7/13/18 and was released as such. Yes I was on parole when arrested on 5/25/2017, as a technical parole violator as there is no conviction of the charges pending against me at that time.  So since there is no certified record of court to validate this position of the P.B.P.P. it is in error.

1) Antwine Reades was sentenced on August 16th 2019, and owed no backtime. So the sanction of 12/03/2018, was a rush to judgment on the part of the Pennsylvania Board of Probation and Parole to arbitrarily punish me for an event that had not transpired as of December 3rd 2018. **WHERE IS THE DELEGATION OF AUTHORITY FOR THE BOARD TO COMMIT THIS ACT.**

2) Once again let me explain, when a parolee comes into contact with the police and be arrested this is a technical parole violation. Any pending charges have to go thru the process of court. Which would include a conviction by jury trial, plea of guilt, or a plea of no lo contendere, this is called due-process of law.

D) **Under** the current statutory regime, the P.B.P.P. must now decide whether to award or deny credit for street time upon a parolee's recommitment as a convicted parole violator(CPV) 61 Pa.C.S.§ 6138(a)(2.1) Once the Board grants sentence credit for street time, it is gone. The only extant time spent at liberty on parole" will be that time that falls between the parolee's most recent reparole and his re-commitment. The Parole Code does not authorize the Board to establish a "sentence escrow account" any more than it authorizes criminal defendants to establish a penal checking account.

E) The Young Court concluded that just as the Board lacks the power to revoke days served on a sentence in prison, it lacks the power to revoke days served on a sentence by reason of the Board's express award of of credit in the course of a prior recommitment. The Young Court looked at § 6138(a)(2.1) and observed that although the **General Assembly granted the Board the discretion to award sentence credit to a CPV it decides to recommit, the General Assembly has not given the Board the concomitant power to revoke this decision, under any circumstances.** Martin Penjuke v. P.B.P.P. 2019 Pa.Commw. LEXIS 128 No. 1304 C.D. 2017

(2)

**OVERVIEW:** HOLDINGS:  The Court declined to adopt the Anderson/Andrews
line of cases, as the reasoning justifying those decisions was no
longer applicable upon the 2012 amendment to 61 Pa.C.S.§ 6138(a)(2.1)
and instead concluded that the P.B.P.P. lacks the statutory authority
to revoke street time credit previously granted to a parolee as a TPV
violator when it subsequently recommits the parolee as a convicted parole
CPV) Accordingly, the Board erred when it denied a parolee's request for
Administrative relief and affirmed its decision to recommit him as a CPV
for the remaining term of his unexpired sentence, as he was entitled
to credit for his days of good standing street time that he acquired in
the parole period that led to his recommitment as TPV.

**OUTCOME:** Order reversed in part; matter remanded to Board with direction
to reinstate credit and issue new adjudication and new statement of
reasons. **Now I will show how the cases must be followed by PBPP.**
**In The Case Rivenbark v. PBPP, 501 A2d 1110 It says: The Board lacked
the authority to recommit petitioner as a Technical Parole Violator
and a Convicted Parole Violator based on the same conduct that formed,
the new conviction/ criminal offense.**

**Please Note: That the decision rendered on 12/03/2018, by PBPP
was a ORDER contrary to Pa.C.S. § 6138(a) of the Prison & Parole Code
In order for the Parole Board to recommit an offender as a CPV, the
Board must establish (1) That the offender was convicted in a Court of
Record. (2) That the offense which the offender was convicted is
punishable by imprisonment. This the authority the legislature set
up to be followed, if you want to be in conformity with the law.
So I ask the PBPP to produce a copy of my conviction of 8/16/2019
prior to their sanction of 12/03/2018, which I'am told to refer too
on the September 18th 2019 Board Rendered decision to serve 24 months
Backtime. ALL OF THIS IS UNLAWFUL, ILLEGAL, AND UNETHICAL BY ALL
INVOLVED. REMEMBER THERE IS NO AUTHORITY TO ESTABLISH A SENTENCE
ESCROW ACCOUNT IN THE PAROLE CODE.  THERE WAS NEVER A CERTIFIED
RECORD FROM THE COURT TO AUTHORIZE, THE BOARD'S ACTION OF DECEMBER
3rd 2018.**

(3)

PLEASE REMEMBER THAT THE CASES ARE MY AUTHORITY OF THE LAW ISSUED
BY AN APPELLATE COURT OF THIS COMMONWEALTH.
THE PBPP ARE BOUND BY THESE DECISIONS, STOP ACTING LIKE YOU ARE NOT!!!

The Supreme Court of Pennsylvania, our highest court stated in
Martin v. PBPP: 840 A2d 299(2003) says; Therefore service of backtime
relates to original sentence from which an offender is paroled, and
is unrelated to any sentence required for conviction on other
criminal charges.

In MERRITT v. PBPP, 574 A2d 579(1990) Says: The total sum of aggregate
backtime imposed by the board plus time served prior to parole
cannot exceed the total aggregate maximum sentence imposed by the
trial court.
The Board cannot recommit a convicted/technical parole violator
to serve more than the balance of unexpired term (Sentence).
For the Board of Probation & Parole to attempt an try to extend, my
Judicially-Imposed Sentence would Violate the Constitution.
Article: III of the United States Constitution, The Separation of
Powers Doctrine. Resentencing by an Administrative Agency, a part
of the Executive Branch of Government and not the judiciary.
The Parole Code was violated at § Pa.C.S. 6138(a)(5) Which says:
To ONLY serve a sentence imposed by a Pennsylvania Court.
The Question becomes is the PBPP a Pennsylvania Court.?
The Constitution of the U.S. and the several states provide that
the Judicial Power be vested in the courts and it is a violation
of this mandate for any other branch of government to perform
judicial functions, such as the imposition of a sentence requiring
imprisonment as a criminal penalty.
So what is known in the prison system as a hit, is actually a
sentence by the board under the guise of taking street time, and
rendering illegal sanctions, like my 24 months of backtime on
a maxed out sentence of 1992, along with the CK-8637 institution
number given at that time.

In MITCHELL v. PBPP, 375 A2d 902(Pa.Cmwlth) President Judge Bowman
held that where a detainer has been lodged against the parolee,
who had been arrested on another charge, credit for resulting period
of confinement had to be applied to old sentence & parole board,
did not have discretion to credit that period to New Sentence.

(4)

**To The Board Members,** Please be advised that under the law, The PBPP and the DOC have a set of Rules & Procedures that must be followed in order to not come into conflict with the Constitution. **The Constitution of America or the State Constitution.**

The United States Supreme Court has stated that judicial discretion is a legal discretion, not a personal discretion for its findings must be based in the law, in conformity with the Constitution. **So you can have an abuse of discretion, as a matter of law. Such as the decisions rendered by the Board on 12/03/2018 against Antwine Reades, The aggrieved parolee has to have a remedy or right for relief in such instances. Such as an appeal to a court of record. But I Antwine Reades, will not allow an Administrative Agency like the Board of Probation & Parole to make a discretionary matter personal and outside the law, would be unconstitutional and law breaking.**

**Article 5 Sec. 9 of the Penna. Constitution, clearly states: There would be a right of appeal from an Administrative Agency to a Court of Record. EXAMPLE: The Supreme Court of Pennsylvania, The Superior Court of Pennsylvania, Commonwealth Court of Pennsylvania. With the right to Federal Review if the state review body fails to correct the mis-applications of law. These Appellate Bodies Are Trusted With Keeping The Law Just That The Law. (OUR CONSTITUTIONS)(FEDERAL & STATE).**

**Antwine Reades, wants all of his time credit, his 28 months of street time, 11 months and 20 days of credit for detainer. And his New State Institutional Number be given Immediately.**

Date_____2019/2020

**Respectfully**

_____

**Antwine Reades # 111CZ**

(5)

## PROOF OF SERVICE

I Antwine Reades, hereby (Parole No. 111CZ) certify this Administrative
Review / Appeal to PBPP.

That I am serving a True and Correct Copy of the foregoing document
Upon the Person or Agencies listed below via U.S. Mail.


PLEASE SEND BY FIRST CLASS MAIL.


1) The Pennsylvania Board of Probation & Parole
   Secretary's Office
   John J. Talaber, Esq.
   1101 South Front Street
   Harrisburg Pa, 17104-2519


Date_____2019/2020                    Respectfully Submitted

                                                 Antwine Reades, Pro-Se
                                                 CK-8637 Institution No.
                                                 SCI-ALBION
                                                 10745, Route 18
                                                 Albion Pa. 16475-0002


(6)



# COMMONWEALTH OF PENNSYLVANIA
## BOARD OF PROBATION AND PAROLE

1101 S. Front Street
Harrisburg, Pa. 17104 - 2519
NOTICE OF BOARD DECISION

NAME: ANTWINE READES

INSTITUTION: SCI - ALBION

PAROLE NO : 111CZ

INSTITUTION NO:  CK8637

AS RECORDED ON DECEMBER 03, 2018 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A CONVICTED PAROLE VIOLATOR TO SERVE 24 MONTHS, WHEN AVAILABLE, PENDING SENTENCING ON YOUR ERIE COUNTY CONVICTION.

--24 MONTHS FOR THE OFFENSE OF MANUFACTURE, DELIVERY OR POSSESSION WITH INTENT TO MANUFACTURE OR DELIVER.

EVIDENCE RELIED ON: CERTIFIED COPY OF COURT RECORD PROVING CONVICTION, YOUR ACKNOWLEDGEMENT OF CONVICTION, DOCUMENTED PBPP FORMS, UJS/AOPC DOCKET SHEET.

REASON: CONVICTION IN A COURT OF RECORD ESTABLISHED, POOR ADJUSTMENT UNDER SUPERVISION.

WHILE CONFINED YOU MUST ABIDE BY THE RULES AND REGULATIONS OF THE INSTITUTION AND COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM REQUIREMENTS.

PAROLE VIOLATION MAX DATE OF 07/10/2017 IS SUBJECT TO CHANGE.

(CONTINUE ON PAGE 2)

CLIENT COPY
ANTWINE READES   CK8637
10745 ROUTE 18
ALBION, PA  16401
16401

NOTICE OF BOARD DECISION
PBPP 15(08/02) 1 of 2

PAROLE NO:   111CZ

(CONTINUED FROM PAGE 1 )

THIS DECISION INVOLVES AN ISSUE THAT IS SUBJECT TO THE BOARD'S ADMINISTRATIVE REMEDIES PROCESS. SEE 37
PA. CODE SEC. 73.  FAILURE TO ADMINISTRATIVELY APPEAL THE DECISION MAY AFFECT YOUR LEGAL RIGHTS. IF YOU
WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD
WITHIN THIRTY (30) DAYS OF THE MAILING DATE OF THIS DECISION.THIS REQUEST SHALL SET FORTH SPECIFICALLY
THE FACTUAL AND LEGAL BASES FOR THE ALLEGATIONS.  YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL
AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.  YOU MAY BE ENTITLED TO COUNSEL FROM THE
PUBLIC DEFENDER'S OFFICE AT NO COST.  ENCLOSED WITH THIS BOARD DECISION IS AN ADMINISTRATIVE REMEDIES
FORM AND THE NAMES AND ADDRESSES OF ALL THE CHIEF PUBLIC DEFENDERS IN THE COMMONWEALTH.  ANY
REQUEST FOR A PUBLIC DEFENDER SHOULD BE SENT DIRECTLY TO THE PUBLIC DEFENDER'S OFFICE IN THE COUNTY
WHERE YOU CURRENTLY RESIDE.          DATE MAILED:

**DEC 0 5 2018**

HR 10/23/2018

TNG 12/03/2018

CLIENT COPY
ANTWINE  READES     CK8637
10745 ROUTE 18
ALBION, PA  16401
16401

*John J. Talaber, Esq.*

John J. Talaber, Esq.
Board Secretary
NOTICE OF BOARD DECISION
PBPP 15(08/02) 2 of 2

Institutional Parole Staff
Delivered to Inmate by:

C. Habussly

9, 20, 19



## COMMONWEALTH OF PENNSYLVANIA
## BOARD OF PROBATION AND PAROLE

1101 S. Front Street
Harrisburg, Pa. 17104 - 2519

NOTICE OF BOARD DECISION

NAME: ANTWINE READES

INSTITUTION: SCI - ALBION

PAROLE NO : 111CZ

INSTITUTION NO:   CK8637

AS RECORDED ON SEPTEMBER 18, 2019 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

REFER TO BOARD ACTION RECORDED 12/03/2018 TO RECOMMIT AS A CONVICTED PAROLE VIOLATOR TO SERVE 24 MONTHS BACKTIME.

WHILE CONFINED YOU MUST ABIDE BY THE RULES AND REGULATIONS OF THE INSTITUTION AND COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM REQUIREMENTS.

NOT ELIGIBLE FOR REPAROLE UNTIL 05/24/2021.

THE BOARD IN ITS DISCRETION DOES NOT AWARD CREDIT TO YOU FOR THE TIME SPENT AT LIBERTY ON PAROLE FOR THE FOLLOWING REASON:

--PRIOR HISTORY OF SUPERVISION FAILURES.

(CONTINUE ON PAGE 2)

PAROLE VIOLATION MAX DATE: 11/19/2022



FILE COPY
Client

NOTICE OF BOARD DECISION
PBPP 15(08/02) 1 of 2

PAROLE NO:   111CZ

(CONTINUED FROM PAGE 1 )

THIS DECISION INVOLVES AN ISSUE THAT IS SUBJECT TO THE BOARD'S ADMINISTRATIVE REMEDIES PROCESS. SEE 37
PA. CODE SEC. 73.  FAILURE TO ADMINISTRATIVELY APPEAL THE DECISION MAY AFFECT YOUR LEGAL RIGHTS. IF YOU
WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD
WITHIN THIRTY DAYS (30) OF THE RECEIPT OF THE BOARD DECISION BY THE INMATE. THIS REQUEST SHALL SET
FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASES FOR THE ALLEGATIONS.  YOU HAVE THE RIGHT TO AN
ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.  YOU MAY BE
ENTITLED TO COUNSEL FROM THE PUBLIC DEFENDER'S OFFICE AT NO COST.  ENCLOSED WITH THIS BOARD DECISION
IS AN ADMINISTRATIVE REMEDIES FORM AND THE NAMES AND ADDRESSES OF ALL THE CHIEF PUBLIC DEFENDERS IN
THE COMMONWEALTH.  ANY REQUEST FOR A PUBLIC DEFENDER SHOULD BE SENT DIRECTLY TO THE PUBLIC
DEFENDER'S OFFICE IN THE COUNTY WHERE YOU CURRENTLY RESIDE.

EMAIL 09/19/2019

TNG  09/18/2019

PAROLE VIOLATION MAX DATE:  11/19/2022

FILE COPY

John J. Talaber, Esq.

John J. Talaber, Esq.
Board Secretary
NOTICE OF BOARD DECISION
PBPP 15(08/02) 2 of 2

PBPP-39
Revised(04-2012)

# ORDER TO RECOMMIT

## COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE

**Name:**  ANTWINE READES          **Inst. No:** CK8637          **Parole No:**  111CZ

**District:**  06 - Erie D.O.          **SID:**  20201657          **Date Paroled:** 01/15/2015

**Inst Parole From:**  SCIAL - SCI - Albion

**Recommit To:**  SCIAL - SCI - Albion          **Status:**  ☐ TPV  ☒ CPV

The above-named individual who was conditionally released on parole by the Pennsylvania Board of Probation and Parole has been found by the Board to have violated the conditions of parole. Therefore, the Board, by virtue of the authority conferred on it by law, orders said individual recommitted for further imprisonment for the remainder of the unexpired maximum term, or until otherwise released or discharged according to law.

### County, Bill & Term and OTN

| County Name | OTN | Indictment Number | Minimum Date |
|---|---|---|---|
| PHILAD | M5295441 | CP 920803972 | 09/20/2005 |
| PHILAD | M5295441 | CP 920803976 | 09/20/2005 |

### Parole Violation Date Calculation

| | | |
|---|---|---|
| **Original Maximum Date:** | 07/13/2018 | |
| **− Parole /Reparole/Delinquency/Board Warrant Date:** | 01/15/2015 | |
| **+ Prior Parole Liberty Forfeited:** | 0D | = 00Y 00M 00D |
| **− Confinement Time:** | 0D | = 00Y 00M 00D |
| **− Board Awarded Credit:** | 0D | = 00Y 00M 00D |
| **− Backtime Credit:** | 84D | = 00Y 02M 23D |

**Backtime Dates:**

| From | To | Time Period |
|---|---|---|
| 04/20/2018 | 07/13/2018 | 84D |

| | | |
|---|---|---|
| **= Backtime Owed:** | 1191D | = 03Y 03M 06D |
| **+ Custody for Return:** | 08/16/2019 | |
| **= Recomputed Maximum Date:** | 11/19/2022 | |
| **+ Escape Time:** | 0D | |
| **= New Maximum Date:** | 11/19/2022 | |
| **Time Lost Due to:** | | |
| **Delinquency:** | 0D | = 00Y 00M 00D |
| **Service of Another Sentence:** | 0D | = 00Y 00M 00D |

## Conviction(s) Resulting in Recommitment

| # | Sentence Date | Sentence County | Indictment | Period | Type | Place of Confinement |
|---|---------------|-----------------|------------|--------|------|----------------------|
| 1 | 08/16/2019 | ERIE - ERIE COUNTY | 1916-2017 | CT1:40-120M | | SCI - State Correctional Institution |

**Parole/Release/Max Date:**          **Confined:**   Y

**Comments:**

## Miscellaneous Notes

## Note Conviction

GIVEN under the hand of the Pennsylvania Board of Probation and Parole this  09/18/2019

By The Board

*John J. Talaba, Esq.*

Board Secretary

Antwine Kendies
10745 Route 18
Albion pA 16475
CK8637

Inmate Mail
PA Dept of
Corrections

U.S POSTAGE >> PITNEY BOWES

ZIP 16401 $ 009.55⁰
02 4W
0000334556 AUG 26 2020

RECEIVED
HARRISBURG, PA

SEP 0 1 2020

PER _____ DEPUTY CLERK

Clerk of Court
Commonwealth Cour
228 Walnut st.
Harrisburg, pA 17101