IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTWINE MARTINEZ READES,<br><br>Petitioner<br><br>v.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA, et al,<br><br>Respondents | Case No. 1:21-cv-130<br><br>UNITED STATES MAGISTRATE JUDGE<br>RICHARD A. LANZILLO<br><br>MEMORANDUM OPINION ON<br>PETITION FOR WRIT OF HABEAS<br>CORPUS [ECF No. 1] |

I.   Introduction

This matter is before the Court for consideration of the Petition for Writ of Habeas Corpus[1] filed by Petitioner Antwine Martinez Reades. ECF No. 1. For the following reasons, Reades' petition will be denied.

II.   Background

On June 2, 1994, the Court of Common Pleas of Philadelphia County sentenced Reades to a term of 12 ½ to 25 years of incarceration for robbery and possession of an instrument of crime. ECF No. 14-1 at 5. On October 20, 2006, Reades was released on parole. *Id.* at 9. At that point, Reades' maximum sentence date was March 20, 2018. *Id.*

On December 26, 2007, Reades was arrested while still on parole. *Id.* at 11. The Pennsylvania Board of Probation and Parole (the "Board") ordered Reades detained pending the disposition of the new criminal charges and recommitted him as a technical parole violator. *Id.* at

---

[1] Although captioned as a writ of mandamus, Reades' filing is best construed as a petition for habeas relief pursuant to 28 U.S.C. § 2254.

1

11. Reades was released on parole again on April 8, 2010, with an adjusted maximum date of June 25, 2018. *Id.* at 14.

On August 25, 2014, the Board recommitted Reades for technical parole violations including leaving the district without permission, failing to report, and use of drugs. *Id.* at 16. Reades was released again on January 15, 2015, with a maximum date of July 13, 2018. *Id.* at 20.

On May 24, 2017, while still on parole, Reades was arrested and charged with possession with intent to deliver and possession of a controlled substance. *Id.* at 22. On July 13, 2018 – his maximum sentence date – the Board lifted a parole detainer that had been lodged following Reades' latest arrest. *Id.* at 25.

Reades pled guilty in the underlying criminal case on October 3, 2018. *See Commonwealth v. Reades*, Erie County Case No. CP-25-CR-001916-2017. At a hearing on October 23, 2018, Reades waived his right to counsel and admitted that the new criminal offense, committed prior to his maximum sentence date, constituted a parole violation. ECF No. 14-1 at 27. The Board issued a decision, dated December 3, 2018, ordering Reades' recommitment as a convicted parole violator based on the new conviction in CP-25-CR-001916-2017. *Id.* at 30.

The Court of Common Pleas of Erie County ultimately sentenced Reades to 10 years of incarceration in Case No. CP-25-CR-001916-2017. Based on that sentence, the Board issued a decision on September 18, 2019, establishing Reades' new parole violation maximum date as November 19, 2022. ECF No. 14-1 at 33.

On or about October 15, 2019, Reades filed a timely administrative petition for review with the Board. Reades raised two objections to the Board's decision to revoke his parole: (1) that his parole could not be revoked for a conviction that occurred after his original maximum date had concluded, despite that the underlying crime had occurred while he was still on parole; and (2) that

the Board had erred by refusing to credit him for the time he spent at liberty on parole. *Id.* at 40. In a decision mailed on November 3, 2020, the Board rejected Reades' petition and affirmed its prior decision revoking his parole. *Id.* In so doing, the Board affirmed that it had the authority "to recommit a reentrant for an offense that occurs while on parole regardless of . . . when conviction occurs" because "[t]he controlling factor is when the reentrant committed the offense." *Id.* at 38 (citing 61 Pa. C.S. § 6138). It also explained that it had the authority to deny Reades credit for prior time at liberty on parole because of his prior history of supervision failures. *Id.* at 39 (citing 61 Pa. C.S. § 6138(a)(2.1).[2] Finally, the Board notified Reades that he could challenge its decision by filing an "appellate petition for review with the Commonwealth Court within thirty (30) days of the mailing date of the Board's response. *Id.* at 40. Reades failed to do so.

Based on the foregoing, Reades filed the instant petition in the United States District Court for the Middle District of Pennsylvania on September 1, 2020. ECF No. 1. On May 12, 2021, the matter was transferred to the Western District of Pennsylvania and assigned to the undersigned. ECF No. 10. Respondents filed an answer to the petition on June 9, 2021. ECF No. 12. This matter is ripe for adjudication.[3]

III.     Analysis

As a general matter, a federal district court may not consider the merits of a habeas petition unless the petitioner has "exhausted the remedies available" in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner satisfies the exhaustion requirement "only if [he or she] can show that [they] fairly presented the federal

---

[2] By separate order, the Board corrected a technical error and adjusted Reades' maximum parole date to January 26, 2022. *Id.* at 36

[3] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

3

claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). The purpose of the exhaustion requirement is to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

An important corollary to the exhaustion requirement is the doctrine of procedural default. "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims" has deprived the state courts of an opportunity to address the merits of those claims "in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Thus, when an applicant has failed to "fairly present" his claim to the state courts, and state procedural rules now bar him from doing so, the exhaustion requirement is deemed satisfied due to the lack of available state process, but the claims "are considered to be procedurally defaulted." *McKenzie v. Tice*, 2020 WL 1330668, at *5 (M.D. Pa. Mar. 23, 2020) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). Such claims may not ordinarily be reviewed by a federal court. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule.") (citations omitted).

Apropos to the instant case, Reades needed to do three things to properly exhaust his claims against the Board. First, Reades had to file a timely petition for administrative review of the Board's September 18, 2019 decision. *See* 37 Pa. Code § 73.1. Next, he needed to appeal that decision to the Commonwealth Court of Pennsylvania in a timely manner. *See* 42 Pa. C.S. § 763(a). Finally, he needed to file a petition for allowance of appeal with the Pennsylvania

Supreme Court within thirty days of the Commonwealth Court's decision. Pa. R.A.P. 1114. *See also Williams v. Wynder*, 232 Fed. Appx. 177, 179-80 (3d Cir. 2007) (holding that a party challenging the Board's parole revocation decision is "required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court").

Reades completed the first of these steps, but not the second or the third. And, because the time for Reades to file a petition for allowance of appeal has now expired, *see* Pa. R.A.P. 1113(a), his claim has been procedurally defaulted. *See, e.g., Williams*, 232 Fed. Appx. at 181 ("Mr. Williams . . . is time-barred under state law from seeking allocator to the Pennsylvania Supreme Court, and his failure to seek allocator is an adequate and independent state ground barring federal review of his claims."); *Johnson v. Pa. Bd. of Prob. & Parole*, 2020 WL 4925682, at * (W.D. Pa. Aug. 21, 2020) (finding procedural default where parole violator failed to properly exhaust his challenge to the Board's recalculation of his maximum sentence by filing a petition for allowance of appeal to the Pennsylvania Supreme Court). As such, Reades' challenge to the Board's parole revocation decision and calculation of his maximum sentence cannot be reviewed in this Court and his habeas petition must be dismissed with prejudice.[4]

IV.   Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

---

[4] Reades has made no attempt to demonstrate cause or prejudice to excuse the default. *See Coleman*, 501 U.S. at 750.

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, the Court concludes that jurists of reason would not find it debatable whether each of Petitioner's claims should be denied for the reasons given herein. Accordingly, a certificate of appealability is denied.

IV.     Conclusion

For the reasons stated herein, Reades' Petition for Writ of Habeas Corpus is denied and no certificate of appealability will issue. The Clerk is directed to mark this case closed.[5]

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: November 10, 2021

---

[5] This matter being resolved, Reades' Motion to Expedite Hearing [ECF No. 17] is denied as moot.